UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| INTERNATIONAL UNION OF OPERATING ENGINEERS –LOCAL 94 HEALTH AND BENEFIT FUND, ANNUITY, SICK, AND TRAINING FUNDS and THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS and PARTICIPATING EMPLOYERS, <br><br>　　　　　　Petitioners, <br><br>　-against- <br><br>COHEN BROTHERS REALTY CORPORATION, <br><br>　　　　　　Respondent. | Case No. <br><br>**PETITION TO CONFIRM ARBITRATION AWARD** |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Petitioners, INTERNATIONAL UNION OF OPERATING ENGINEERS –LOCAL 94 HEALTH AND BENEFIT FUND, ANNUITY, SICK, and TRAINING FUNDS ("Local 94 Benefit Funds") and THE CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS and PARTICIPATING EMPLOYERS ("Central Pension Fund"), (collectively, "Petitioners" or "Funds"), by their attorneys, Pitta LLP, petition this Court to confirm an arbitration award duly rendered against Respondent COHEN BROTHERS REALTY CORPORATION, ("Respondent" or "Cohen Brothers"), by the parties' contractual arbitrator on December 26, 2024 (the "Award"). The Award draws its essence from the collective bargaining agreement, there are no valid grounds for vacatur, and Respondent has failed to comply with the Award. Accordingly, the Petition to Confirm the Award should be granted.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction over this action to confirm labor arbitration award pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

2. Venue properly lies in this District because the Local 94 Benefit Funds and Respondent maintain their places of business in this District, the underlying benefits are administered in New York, the Award was rendered in this District, and the underlying events giving rise to the Award occurred in this District.

**PARTIES**

3. The Local 94 Benefit Funds, which maintain offices at 331-337 West 44th Street, New York, NY 10036, are each an "employee benefit plan" as defined in Section 3(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, § 1002(1), a "multiemployer plan" as defined in Section 3(37) of ERISA, 29. U.S.C. § 1002(37), and are organized pursuant to Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5), "employee benefit plans" as defined in ERISA, 29 U.S.C. § 1132 (e) and (f) and are administered at 331-337 West 44th Street, New York, NY 10036

4. The Trustees are fiduciaries of the Funds within the meaning of Section 3(21) of ERISA, 20 U.S.C. § 1002(21). In that capacity, the Trustees maintain a principal place of business at 331-337 West 44th Street, New York, NY 10036.

5. The Central Pension Fund, which maintain offices at 4115 Chesapeake St NW, Washington, DC 20016, is an "employee benefit plan" as defined in Section 3(1) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1001, § 1002(1), a "multiemployer plan" as defined in Section 3(37) of ERISA, 29. U.S.C. § 1002(37), and are organized pursuant to Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29

U.S.C. § 186(c)(5). The Trustees are fiduciaries of the Funds within the meaning of Section 3(21) of ERISA, 20 U.S.C. § 1002(21).

6.      Respondent COHEN BROTHERS REALTY CORPORATION is a domestic business corporation organized under the laws of the State of New York, duly authorized and licensed to do and/or transact business within the State of New York. Respondent COHEN BROTHERS REALTY CORPORATION owns, manages, operates, and does business as, and/or previously owned, managed, operated, and did business as Cohen-International Plaza Assoc L.P. at 750 Lexington Avenue, New York, NY; Cohen-Three Park Ave. Co., at 3 Park Avenue, New York, NY; Cohen-475 Park Avenue So Co. at 475 Park Avenue South, New York, NY; Cohen-622 Building Co LLC at 622 Third Avenue South, New York, NY; Cohen-805 Third New York LLC at 805 Third Avenue, New York NY; and Cohen-D & D Building Company LL at 979 Third Avenue, New York, NY.

7.      Respondent, at all relevant times, was an "employer" within the meaning of the LMRA and ERISA.

## STATEMENT OF FACTS

8.      The International Union of Operating Engineers, Local Union 94-94A-94B ("Union") has negotiated the basic terms and conditions of employment for many of the employees who work in the engineering industry in the New York City metropolitan area with a multiemployer bargaining group organized as a subset of the Realty Advisory Board on Labor Relations, Inc. ("RAB"), through successive collective bargaining agreements known as the Engineer Agreement ("Engineer Agreement").  Attached hereto, made a part hereof and marked here as **Exhibit A** is a copy of the Engineer Agreement.  The Engineer Agreement, which was effective from January 1, 2019 through December 31, 2022, was extended by a Stipulation of Agreement ("2022 Engineer Agreement") dated December 31, 2022 between the Union and the

RAB through December 31, 2026. Attached hereto, made a part hereof and marked here as **Exhibit B i**s a copy of the 2022 Agreement (collectively, the Engineer Agreement and the 2022 Engineer Agreement are referred to as the "Agreement").

9. On April 19 2023, Respondent, doing business as Cohen-Fifth Ave Bldg Co LLC, entered into an agreement with the Union wherein Respondent assented to the Agreement covering employees working at 623 Fifth Avenue, New York, NY ("623 Fifth Avenue Assent Agreement"). Attached hereto, made a part hereof and marked here as **Exhibit C** is a copy of 623 Fifth Avenue Assent Agreement.

10. On April 19 2023, Respondent, doing business as Cohen-International Plaza Assoc L.P., entered into an agreement with the Union wherein Respondent assented to the Agreement covering employees working at 750 Lexington Avenue, New York, NY ("750 Lexington Avenue Assent Agreement"). Attached hereto, made a part hereof and marked here as **Exhibit D** is a copy of 750 Lexington Avenue Assent Agreement.

11. On January 29, 2024, Respondent, doing business as Cohen-Three Park Ave. Co., entered into an agreement with the Union wherein Respondent assented to the Agreement covering employees working at 3 Park Avenue, New York, NY ("Three Park Avenue Assent Agreement"). Attached hereto, made a part hereof and marked here as **Exhibit E** is a copy of Three Park Avenue Assent Agreement.

12. On January 1, 2024, Respondent, doing business as Cohen-475 Park Avenue So Co, entered into an agreement with the Union wherein Respondent assented to the Agreement covering employees working at 475 Park Avenue South, New York, NY ("475 Park Avenue South Assent Agreement"). Attached hereto, made a part hereof and marked here as **Exhibit F** is a copy of 475 Park Avenue South Assent Agreement.

13. On January 29, 2024, Respondent, doing business as Cohen-622 Building Co LLC, entered into an agreement with the Union wherein Respondent assented to the Agreement covering employees working at 622 Third Avenue South, New York, NY ("622 Third Avenue Assent Agreement"). Attached hereto, made a part hereof and marked here as **Exhibit G** is a copy of 622 Third Avenue Assent Agreement.

14. On January 2, 2024, Respondent, doing business as Cohen-805 Third New York LLC, entered into an agreement with the Union wherein Respondent assented to the Agreement covering employees working at 805 Third Avenue, New York, NY ("805 Third Avenue Assent Agreement"). Attached hereto, made a part hereof and marked here as **Exhibit H is** a copy of 805 Third Avenue Assent Agreement.

15. On January 2, 2024, Respondent, doing business as Cohen-D & D Building Company LLC, entered into an agreement with the Union wherein Respondent assented to the Agreement covering employees working at 979 Third Avenue, New York, NY ("979 3rd Avenue Assent Agreement"). Attached hereto, made a part hereof and marked here as **Exhibit I is** a copy of 979 3rd Avenue Assent Agreement.

16. Respondent remains bound by the Agreement.

17. The Agreement requires Respondent to make contributions to the Funds on behalf of employees covered by the Agreement. *See* Ex. A, Article XI, pp. 24-40; Ex. B, pp 2-5.

18. Respondent is also bound to all the terms and conditions of the various agreements and declarations of trust, including audit guidelines and collection practices and procedures promulgated by the Trustees of the Funds, both as presently exist and as they may be amended or modified (collectively, "Collection Procedures").

19. Under the terms of the Agreement and trust agreements, Respondent is required to make contribution payments to the Funds on behalf of certain of its employees in amounts and at times designated by these agreements.

20. Article VI of the Agreement contains a broad arbitration clause, providing that:

> 1. In the event of failure of the Grievance Committee to determine an issue arising between the parties as to the interpretation, performance, or applicability of any term of provision of this agreement, such issue shall be submitted to an Arbitrator.
>
> ***
>
> 3. The Procedure herein outlined with respect to matters over which the Arbitrators have jurisdiction shall be the sole and exclusive method for the determination of all such issues, and the Arbitrator shall have the power to award appropriate remedies, the award of the Arbitrator being final and binding upon the parties, and the employee or employees involved; providing, however that nothing herein shall be construed to forbid either party from resorting to court for relief from, or to enforce rights under, any arbitration award. In any proceeding to confirm the award of the Arbitrator, service may be made by registered or certified mail, within or without the State of New York, as the case may be.

(Ex. A, p. 20-21).

21. The Agreement provides, in substance and in part, that the Petitioners may take any action necessary or appropriate to collect unpaid contributions, interest, liquidated damages, and attorney's fees and costs incurred by the Funds. The Agreement also provides for arbitration of any and all grievances or disputes which arise with respect to the interpretation and application of any of the provisions of the Agreement. In accordance with that authority, the Funds appointed Impartial Contract Arbitrator Randi Lowitt (the "Arbitrator") to adjudicate claims related to delinquent employer contributions and to order payment of delinquent contributions to the Funds, as well as interest, liquidated damages, attorneys fees and costs. Ex. A, p. 40.

22. The Agreement provides that the Funds can pursue collections actions through the parties' Arbitrator. *See* Ex. A, p. 40 ("If the Employer fails to make the required payments to any

of the Funds, as set forth above, or fails to file required reports, the Trustees may, in their sole and absolute discretion, take any action necessary, including, but not limited to, immediate arbitration and suits at law, to enforce such payments and reports …")

23. The Agreement further provides that the Funds' Trustees may institute "suits in law" to enforce such payments. *See* Ex. A, p. 40; *see also*, Ex. A, p. 21 ("nothing herein shall be construed to forbid either party from resorting to court for relief from, or to enforce rights under, any arbitration award.").

24. Respondent failed and refused to make monthly benefit fund contribution payments to the Funds and became indebted to the Funds for benefit fund contributions commencing with the month of July 2024 and continuing.

25. On November 18, 2024, Respondent was duly notified that an arbitration hearing was scheduled for December 11, 2024 concerning Respondent's failure to render required contributions to the Funds. Attached hereto, made a part hereof and marked here as **Exhibit J** is a copy of the hearing notice and demand ("Funds' Demand") which was sent to Respondent by email and U.S.P.S., certified mail/return receipt requested, and Pitta LLP's email to David Lopez, Esq., Respondent's in-house legal counsel, enclosing the same.

26. On December 11, 2024, the arbitration hearing ("Hearing") was held on the Funds' Demand before Arbitrator Randi Lowitt ("Arbitrator") via Zoom. The Funds appeared by Joseph M. Bonomo, Esq., of Pitta LLP and Local 94 Benefits Funds Executive Director William Faranda, and presented written proofs concerning Respondent's alleged violation of the Agreement and trust agreements, and Respondent appeared by David Lopez, Esq.

27. The Funds provided Respondent with a spreadsheet showing the amounts due to the Funds and Respondent was provided with the opportunity to review the spreadsheet. Respondent did not dispute the amounts owed during the Hearing.

28.  Thereupon, finding that Respondent was duly notified of the arbitrations the Arbitrator after having examined and considered all of the evidence, proofs and documents submitted, and after due deliberation having come to a decision, duly rendered, in writing her Opinion and Award (the "Award") on December 26, 2024 Attached hereto, made a part hereof and marked here as **Exhibit K** is a copy of the Award.

29.  The Arbitrator determined the following sums to be due and owing to the Funds:

| Location | Principal | Interest and Damages |
| --- | --- | --- |
| 475 Park Avenue South | $38,941.61 | $2,908.91 |
| 805 Third Avenue | $0.00 | $1,944.06 |
| 979 3rd Avenue | $24,777.08 | $1,906.23 |
| 623 Fifth Avenue | $32,308.42 | $2,435.88 |
| 622 Third Avenue | $73,625.65 | $5,560.67 |
| 750 Lexington Avenue | $0.00 | $187.04 |
| Three Park Avenue | $28,601.62 | $3,360.98 |

(Ex. L).

30.  The amounts awarded by the Arbitrator to the Funds, pursuant to the Agreement and the Funds' agreements and declarations of trust, including audit guidelines and collection procedures, and federal law, included interest, liquidated damages; attorney's fees; and arbitrator's fee, for a total award of $216,558.14.  (Ex. L).

31.  A copy of the Award was emailed by Arbitrator Lowitt to the Respondent and Funds on December 26, 2024.  Attached hereto, made a part hereof and marked here as **Exhibit L** is a copy of the email sent by the Arbitrator's office enclosing the Award.

32.  A copy of the Award was also emailed by Funds counsel to the Respondent and on December 27, 2024, offering Respondent one final opportunity to make full payment before the Funds would enforce the Award.  Respondent acknowledged receipt of said Award, but no payment has been received by the Funds to date.  Attached hereto, made a part hereof and marked here as **Exhibit M** is a copy of the email acknowledgement by the Respondent.

## **STATEMENT OF CLAIM FOR RELIEF**

33. As of the date of this Petition, Respondent has failed and refused to comply, and continues to fail and refuse to comply with Award.

34. The Award has not been vacated, corrected, or modified by order of any court of competent jurisdiction and is still in full force and effect.

35. The Award draws its essence from the Agreement.

36. The Award was made in accordance with the terms and conditions of the parties' written agreements and is in all respects proper.

37. The parties have agreed, or the law so provides, that judgment may be entered upon the Award made pursuant to the Hearing.

38. This application is based upon the Agreement, Funds' trust agreements, and the Award identified above.

39. There is no basis in law, fact, or equity to vacate the Award.

40. No prior application for the relief requested herein has been made to this or any other court or judge.

**WHEREFORE**, your Petitioner respectfully request an Order be made and entered:

a. Confirming the Opinion and Award of Arbitrator Randi Lowitt, dated and affirmed on December 26, 2024; and

b. Directing judgment or a decree to be entered thereon in favor of Petitioners and against Respondent for the sums awarded therein in the total amount of $216,558.14, together with interest thereon form the date of the Award, and post-judgment interest at the statutory rate; and

c. Granting Petitioners costs and disbursements of this petition and of all subsequent proceedings;

   d.  Granting Petitioners all other costs, attorney's fees, and interest thereupon, as provided by law; and

   e.  For such other equitable and further relief as this Court may deem just and proper.

Dated: New York, New York
       January 21, 2025

                              **PITTA LLP**
                              *Attorneys for Petitioners*

                              By: *s/ JOSEPH M. BONOMO*
                              Joseph M. Bonomo
                              Trevor Hanrahan
                              120 Broadway, 28th Floor
                              New York, New York 10271
                              (212) 652-3890