UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INTERNATIONAL UNION OF OPERATING
ENGINEERS –LOCAL 94 HEALTH AND
BENEFIT FUND, ANNUITY, SICK, AND
TRAINING FUNDS and THE CENTRAL
PENSION FUND OF THE INTERNATIONAL
UNION OF OPERATING ENGINEERS and
PARTICIPATING EMPLOYERS,

                                        Petitioners,

                    -against-

COHEN BROTHERS REALTY
CORPORATION,

                                        Respondent.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   2/5/2026

25 Civ. 751 (AT)

**ORDER**

ANALISA TORRES, District Judge:

The International Union of Operating Engineers – Local 94 Health and Benefit Fund, Annuity, Sick, And Training Funds ("Local 94 Funds") and the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("Central Pension Fund") (collectively, "Petitioners" or "Funds"), bring this petition under Section 301 of the Labor Management Relations Act of 1947 (the "LMRA"), as amended, 29 U.S.C. § 185, to confirm a December 26, 2024 arbitration award against Respondent, Cohen Brothers Realty Corporation ("Cohen Brothers"). *See generally* Pet., ECF No. 7; Mem., ECF No. 20; *see also* Award, ECF No. 7-11. Respondent has not appeared in this action. For the reasons stated below, the petition is GRANTED.

**BACKGROUND**

The Funds are multi-employer labor management trust funds organized and operated pursuant to the Employee Retirement Income Security Act of 1974, as amended, and the LMRA. *See* Pet. ¶¶ 3–5. The International Union of Operating Engineers, Local Union 94-94A-94B ("the Union") negotiates the employment terms and conditions for employees who work in the engineering industry in the New York metropolitan area with a multiemployer bargaining group organized as a subset of the Realty Advisory Board on Labor Relations, Inc. ("RAB"). *Id.* ¶ 8.

Cohen Brothers is a domestic business corporation that owns and manages various properties in New York City. *Id.* ¶ 6. Beginning in April 2023, Cohen Brothers entered into assent agreements between its subsidiaries and the Union, in which it agreed to be bound by the terms and conditions of the Engineer Agreement ("CBA"), a collective bargaining agreement between RAB and the Union. *Id.* ¶¶ 9–15; CBA, ECF No. 7-1; CBA Extension, ECF No. 7-2; *see also* Assent Agreements, ECF Nos. 7-3, 7-4, 7-5, 7-6, 7-7, 7-8, 7-9.

Under the CBA, Cohen Brothers was required to make contributions to the Funds on behalf of all covered employees in amounts and at times designated by these agreements. CBA Art. XI ("Employer Fund Contributions"); CBA Extension at 2–5 (Art. XI, revised). The CBA further provides that if the "Employer fails to make the required payments to any of the Funds [under Article XI], the Trustees may . . . take any action necessary, including, but not limited to, immediate arbitration . . . to enforce such payments." CBA Art. XI, ¶ 10. The CBA also includes a broad arbitration clause, providing for arbitration of disputes related to the "interpretation, performance or applicability of any term or provision of [the CBA]," *id.* Art. VI, ¶ 1, and stating that "nothing . . . shall be construed to forbid either party from resorting to court for relief from, or to enforce rights under, any arbitration award," *id.* Art. VI, ¶ 3.

Cohen Brothers failed and refused to make monthly benefit fund contribution payments to the Fund starting in July 2024; accordingly, the Funds initiated arbitration. Pet. ¶¶ 24–25. The Funds appointed impartial contract arbitrator Randi Lowitt to adjudicate claims related to delinquent employer contributions and to order payment of delinquent contributions to the Funds, as well as interest, liquidated damages, and attorneys' fees and costs. *Id.* ¶ 21. At the hearing, the Funds provided Cohen Brothers with a spreadsheet showing the amounts due to the Funds, and Cohen Brothers was provided with the opportunity to review the spreadsheet. *Id.* ¶ 27. Cohen Brothers did not dispute the amounts during the hearing. *Id.* After the hearing and after examining all the evidence submitted, the arbitrator issued an award ("the Award") in favor of the Funds on December 26, 2024. *Id.* ¶ 28; Award.

The arbitrator determined that Cohen Brothers owes the Funds $198,254.38 in unpaid contributions, $18,303.77 in accrued interest on the contributions and liquidated damages, $1,500 in attorneys' fees, and $2,400 in arbitration costs, for a total of $220,458.14. *Id.* ¶ 29; Award at 7. According to the Funds, Cohen Brothers have since paid $140,845.59 toward payment of the amounts due under the Award. Faranda Decl. ¶ 13, ECF No. 18. The resulting balance due under the Award is thus $74,978.51. *Id.* ¶ 14. The Award has not been vacated, modified, or corrected and is still in full force and effect. Pet. ¶ 34.

## DISCUSSION

I.    Legal Standard

The Court's "review of an arbitration award under the LMRA is . . . 'very limited.'" *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (citation omitted). "[T]he federal policy in favor of enforcing arbitration awards is particularly strong with respect to arbitration of labor disputes." *Supreme Oil Co. v. Abondolo*, 568 F. Supp. 2d 401, 406 (S.D.N.Y. 2008) (citation omitted). "Under the LMRA, an arbitration award should be upheld as long as it 'draws its essence from the collective bargaining agreement.'" *Id.* at 405–06 (quoting *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 597 (1960)). Even if the reviewing court is convinced that the arbitrator "committed serious error," the award should not be vacated so long as the arbitrator is "even arguably construing or applying the contract and acting within the scope of his authority." *Id.* at 406 (quoting *United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).

2

"[A] district court should treat an unanswered . . . petition to [confirm an arbitration award] as an unopposed motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006). Summary judgment is appropriate when the record shows that there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). A court must consider all the evidence in the light most favorable to the nonmoving party, *Overton v. N.Y. State Div. of Mil. & Naval Affs.*, 373 F.3d 83, 89 (2d Cir. 2004), "resolv[ing] all ambiguities and draw[ing] all permissible factual inferences in favor of the party against whom summary judgment is sought," *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, 83 (2d Cir. 2004). Even if the nonmoving party has not appeared in the action, the Court must still "examin[e] the moving part[ies'] submission to determine if [they] ha[ve] met [their] burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair*, 462 F.3d at 110 (citation omitted).

II.    <u>Analysis</u>

The Funds argue that they are entitled to (1) confirmation of the Award, which includes interest, liquidated damages, and attorneys' fees and costs; (2) post-Award, pre-judgment interest; and (3) post-judgment interest at the statutory rate. *See generally* Mem. The Court agrees.

A.  Confirmation of the Award and Pre-Judgment Interest

The Funds are entitled to confirmation of the Award because they have demonstrated that there is no genuine dispute of material fact regarding the validity of the arbitration. The Award should be confirmed because it "draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's 'own brand of industrial justice.'" *Trs. of New York City Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 5, 2012 WL 3744802, at *2 (S.D.N.Y. Aug. 29, 2012) (citation omitted). There is "no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law." *Id.* at *3. Specifically, the arbitrator notified the parties of the hearing date; the parties participated in the hearing and had the opportunity to present evidence, claims, and defenses; Cohen Brothers reviewed the Funds' spreadsheet showing the amounts due to the Funds; and Cohen Brothers did not challenge the amounts owed or that it was bound to the CBA. Bonomo Decl. ¶¶ 12-14, ECF No. 17; *see also id.* Ex. J, ECF No. 17-10; *id.* Ex. K. ECF No. 17-11; Award at 2–3. It is also clear that the parties' agreement authorized them to arbitrate disputes arising out of unpaid contributions. *See* CBA Art. XI, ¶ 10; *see also* CBA Art. VI, ¶¶ 1, 3. The CBA further authorizes an award of interest, liquidated damages, and attorneys' fees and costs. CBA Art. XI, ¶ 10. Accordingly, the Court confirms the Award, with post-Award interest to accrue at the rate of 5.25% per annum, running from the date of the Award through the date of entry of judgment.[1] *See* Award 6.

---

[1] The Funds seek post-Award, pre-judgment interest at a rate of nine percent per annum because it is "common practice" among courts in the Second Circuit to grant pre-judgment interest at a rate of nine percent. *Local 2006, Retail, Wholesale & Dep't Store Union, United Food & Com. Workers v. Basic Wear, Inc.*, No. 16 Civ. 624, 2016 WL 7469621, at *3 (S.D.N.Y. Dec. 28, 2016) (citation omitted); *see* Mem. at 5. However, the cases cited by the

B.  Post-Judgment Interest

"The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." *Trs. of the Loc. 7 Tile Indus. Welfare Fund v. Richard's Improvement Bldg. Inc.*, No. 15 Civ. 3898, 2016 WL 6110455, at *11 (E.D.N.Y. Aug. 1, 2016) (quoting *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996)).  Because the Court's confirmation of the Award is a money judgment in a civil case, the Funds are entitled to post-judgment interest at the statutory rate.  *See* 28 U.S.C. § 1961(a); *Carte Blanche (Singapore) Pte., Ltd. v. Carte Blanche Int'l, Ltd.*, 888 F.2d 260, 269–70 (2d Cir. 1989) (holding that the statutory rate governs post-judgment interest even if the arbitrator has established a different interest rate).

## CONCLUSION

For the foregoing reasons, the petition to confirm the Award is GRANTED.  The Clerk of Court is respectfully directed to enter judgment against Cohen Brothers in the amount of $74,978.51, the balance due on the Award; plus post-Award interest, calculated at a rate of 5.25% per annum, accruing from the date of the Award through the date of judgment, on any unpaid portion of the Award; and post-judgment interest at the statutory rate.  The Clerk of Court is further directed to terminate the motion at ECF No. 16 and close the case.

SO ORDERED.

Dated:  February 5, 2026
         New York, New York

_____
ANALISA TORRES
United States District Judge

---

Funds involve courts specifying pre-judgment interest at that rate where an arbitrator's award was silent as to the post-award period.  In this case, the Award expressly provides a specific rate of interest for the post-award period. *See* Award at 6.  Therefore, absent any argument that the Award's interest rate should be vacated or modified, the Court enforces the interest rate set by the arbitrator for the post-award, pre-judgment period.